```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION
```

| | |
|---|---|
| MARK MAYNARD, | : |
|     Petitioner, | : |
| v. | : |
| | CIVIL ACTION 06-0636-WS-M |
| ALBERTO GONZALES, | : |
| MICHAEL CHERTOFF, | |
| WARDEN DAVID O. STREIFF,[1] | : |
|     Respondents. | : |

### REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by Mark Maynard, a citizen and native of Guyana, who has been detained by the U.S. Department of Homeland Security (Doc. 1).[2]  This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration.  The record is adequate to determine Petitioner's

---

[1]Bill Bateman is no longer the Warden of the Perry County Correctional Center.  Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as Warden of that facility, is substituted for Bateman as a proper Respondent in this action.
    The Court also notes that Respondents have urged this Court to dismiss Defendants Gonzales and Chertoff, but have failed to provide any argument or authority as to why such action should be taken (Doc. 18, p. 1 n.1).  To the extent that Respondents' assertion can be construed as a motion, it is **DENIED**.

[2]Petitioner has been in the actual custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama.  "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody with the United States, he should name his warden as respondent and file the petition in the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

claims; no evidentiary hearing is required. It is recommended that the instant petition be dismissed.

In his petition, Petitioner asserts that he entered this country on December 17, 1979 as a legal resident (Doc. 1). Maynard stated that he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), on May 18, 2006, pursuant to a finding by an Immigration Judge that he should be removed from this country and repatriated to Guyana (Doc. 1, p. 4). Petitioner maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 5-6). Maynard seeks release from custody (*id.* at p. 6). Petitioner filed this action on October 6, 2006 (Doc. 1).

Respondents subsequently filed a Response, stating that Petitioner is being detained because of his own actions (Doc. 11). More specifically, Respondents assert that, following the deportation order, Maynard filed a habeas petition which is now pending before the Court of Appeals for the Second Circuit (*id.* at pp. 4-5); additionally, Petitioner filed a motion to stay which was granted (*id.* at p. 5). Respondents argue that Petitioner's continued confinement is proper in light of his motion to stay and that this action should be dismissed (*id.* at pp. 7-14).

The evidence of record demonstrates that Petitioner has admitted that he was convicted of robbery first and second

degree, burglary in the third degree,[3] and displaying a firearm and was sentenced to seven-to-fourteen years imprisonment in a New York State prison (Doc. 1, p. 4).  Following an evidentiary hearing, a U.S. Immigration Judge found that Petitioner was not a U.S. Citizen and should be deported to Guyana (*see* Doc. 11, Exhibit A, p. 7).  Subsequently, Maynard filed a Petition for Writ of Habeas Corpus with the Southern District of New York, challenging his removal; that court determined that it did not have jurisdiction and transferred the action to the U.S. Court of Appeals for the Second Circuit (Doc. 11, Exhibits D, E).  On June 5, 2006, Petitioner filed a Motion to Stay with the Appellate Court which was granted (Doc. 11, Exhibit G, p. 4).

The United States Supreme Court, in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[4] the *Zadvydas* Court held that

---

[3]Though Petitioner states that he was convicted of burglary third degree, Respondents argue—and evidence seems to support the argument—that Petitioner was actually convicted of burglary first degree (Doc. 11, p. 2 and Doc. A, p. 9).

[4]The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

>    (a) Detention, release, and removal of aliens ordered removed
>         (1) Removal period
>             (A) In general
>                 Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>             (B) Beginning of period

the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  *Zadvydas*, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).  The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the

---

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
> (C) Suspension of period
> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C.A. § 1231.

Petitioner's] petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052. The *Akinwale* Court also noted that the six-month-period could be interrupted by a petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed for the court, to which such motion had been made, to rule. *Akinwale*, 287 F.3d at 1052 n.4.

The evidence shows that Maynard has delayed the removal process by filing a motion to stay and that his actions have led to his continued detention. As such, Petitioner cannot prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court finds that Maynard's continued detention is not improper under 8 U.S.C. § 1321(a)(1)(C).

Therefore, it is recommended that this action be dismissed and that judgment be entered in favor of Respondents Alberto Gonzales, Michael Chertoff, and David O. Streiff and against Petitioner Mark Maynard.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS<br>
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION<br>
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of May, 2007.

                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE